(70 App. Div. 555.)

### BURNS v. BOLAND.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

AFFIDAVIT—CONSTRUCTION.

 An affidavit of plaintiff's counsel, made to secure the arrest of defendant, that defendant exhibited a written statement of account purporting to be taken from defendant's books, and that "from said statement" defendant admitted he had received a certain sum in excess of what he had remitted to plaintiff, after deduction of all items of commissions and discounts, avers merely a deduction of affiant from documents, which has no probative force, it being for the court to determine whether the conclusion is properly drawn.

 Laughlin, J., dissenting.

Appeal from special term, New York county.

Action by John Burns against Reuben E. Boland. From order denying motion to vacate an order for the arrest of defendant, he appeals. Reversed.

Argued before VAN BRUNT, P. · J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. B. Crisp, for appellant.
C. K. Carpenter, for respondent.

VAN BRUNT, P. J.　It appears from the opinion of the court below, which was handed down at the time of the denial of the motion to discharge the defendant from arrest, that such motion would have been granted had it not been for the fact that the court was of the opinion that Mr. Carpenter in his affidavit swore to an oral admission upon the part of the defendant that he had received $68.78 in excess of the amount which he had remitted to the plaintiff, after deducting all items of commissions and disbursements. Under these circumstances, we need consider only the question as to this alleged admission. While it is true that we cannot advert to the opinion of the court in order to ascertain what has been decided, it seems hardly necessary to reconsider questions in the solution of which we concur, and therefore we need only examine the affidavits upon the point as to whether Mr. Carpenter's affidavit bears the construction put upon it by the learned judge below. It seems to us, upon a reading of that affidavit, that the true interpretation of the language used is that Mr. Carpenter is averring facts which he learned from the statement of account submitted to him by the defendant, rather than giving any oral statement which the defendant made to him in connection with such statement of accounts. Of course, the rule is well settled that deductions made by an affiant from papers which he fails to produce have no probative force, because such deductions are the mere conclusions of the affiant, and it is a question for the court to determine from the papers as to whether such conclusions are properly drawn, which it cannot do in their absence.

Mr. Carpenter states as follows:

"That deponent thereafter had several interviews with the defendant, Reuben E. Boland, at one of which the said Boland exhibited a written statement of the account of said sales to Skidmore and collections on account thereof, purporting to be taken from the books of the said Boland; that from the said statement the said Boland admitted to deponent that he had received from the said Skidmore the sum of $68.78 in excess of the amount which he had remitted to the plaintiff, after deducting all items of commissions and discounts."

It seems to be reasonably apparent that the admission is taken from the statement of account, and not from anything that the defendant orally stated. The language used is "that from the said statement the said Boland admitted." If the affiant was testifying to an oral admission, certainly this language would not have been used. As already stated, the admission sworn to is only "from the said statement," and not from anything that Boland orally stated at the time of the exhibition of the account. This being, in our judgment, the necessary construction of the affidavit, it is clearly nothing but the conclusion of the affiant from papers which were presented to him, and of the contents of which the court is entirely ignorant. It is impossible, therefore, for the court to determine whether

the conclusion of Carpenter was borne out by the statement submitted by Boland or not.

We think that the order of arrest should have been wholly vacated upon the ground that there was no legal evidence tending to establish a right to arrest. The order should be reversed, with $10 costs and disbursements, and the order of arrest vacated, with $10 costs. All concur, except LAUGHLIN, J., who dissents.